UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TUYEN T. HO,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1469

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24–25.) In an Order entered on May 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response on May 8, 2026,[1] (Resp., ECF No. 5), and Petitioner filed his reply on May 14, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Vietnam who entered the United States in 2009 pursuant to an F1 student visa. (Notice to Appear (NTA), ECF No. 5-1, PageID.80.) On March 10, 2026, Petitioner was arrested by ICE. (Form I-213, ECF No. 5-2, PageID.87.)

On March 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.43.) At the conclusion of the March 30, 2026, hearing, the Immigration Judge denied Petitioner's request for bond because Petitioner "failed to meet his burden of demonstrating he [wa]s not a flight risk." (*Id.*)

## III.    Analysis

Petitioner argues that the March 30, 2026, bond hearing was constitutionally deficient. For the reasons set forth in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026), the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business

---

[1] Respondents did not file a transcript or a recording of the bond hearing, as required by the Court's order to show cause. (Order, ECF No. 4, PageID.40.)

days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      May 28, 2026                                /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge